**Alfonzo JONES, Plaintiff–Appellant,**

v.

**UNITED STATES, Defendant–Appellee.**

**No. 04–5153.**

United States Court of Appeals, Federal Circuit.

Jan. 26, 2005.

Before MICHEL, Chief Judge, BRYSON and PROST, Circuit Judges.

BRYSON, Circuit Judge.

*ORDER*

The United States moves for summary affirmance of the United States Court of Federal Claims' judgment in *Jones v. United States,* No. 04–1102 C (Fed.Cl. Aug. 5, 2004) dismissing Alfonzo Jones' complaint for failure to prosecute and lack of jurisdiction. Jones has not responded.

Jones filed a complaint with the trial court, presenting:

[a] plea in violations of 2 USC 431–455 [Presidential Election Campaign Fund Act (the Fund Act) ] ... and violations of Federal Election Campaign Financing Law Act of 1971 [FECA] ... 18 USC 26 USC 9003 Sec. 5 Count(s), failure to provide public finance [forums] for campaign finance and COLA alone totaling $11.048 million 10 count(s), disenfranchised 10 count(s) trespass on case, 3 counts.

Jones also made reference to 42 U.S.C. § 1983 in his pleadings. Jones failed to submit the filing fee for his complaint or an application to proceed in forma pauperis. The trial court dismissed the complaint for lack of jurisdiction and for failure to prosecute. Under these circumstances, summary affirmance is warranted.

Summary affirmance of a case "is appropriate, *inter alia*, when the position of one party is so clearly correct as a matter of law that no substantial question regarding the outcome of the appeal exists." *Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir.1994) (summarily affirming the Court of Federal Claims' dismissal of a complaint). Having reviewed the papers and Jones' brief, it is clear that the trial court correctly concluded that it lacked jurisdiction over Jones' tort, FECA, and Fund Act claims and dismissal was warranted on this ground in addition to the ground that Jones failed to pay the filing fee (or timely file of an application to proceed in forma pauperis). Thus, because no substantial question exists regarding the outcome of Jones' appeal, the court summarily affirms the judgment of the Court of Federal Claims dismissing Jones' case.

Accordingly,

IT IS ORDERED THAT:

(1) The Court of Federal Claims' order is summarily affirmed.

(2) Each side shall bear its own costs.